## MARKOE *a.* ALDRICH.

*Supreme Court: First District; General Term, Nov.,* 1847.

### TESTIMONY TAKEN CONDITIONALLY.—PROOF OF FOREIGN RECORDS.—AMENDMENT AFTER VERDICT.

Testimony taken conditionally, is admissible upon the trial, notwithstanding that one of the original plaintiffs has died, and the suit is continued (under § 121 of the Code,) by the survivor.

It is also admissible notwithstanding the witness may have returned to the State since his examination, if he is not within the State at the time of the trial.

The proper methods of proving public records of other States defined.

When a record improperly attested had been admitted upon the trial, and the proper certificates were produced and filed upon the motion for a new trial—Held, that a new trial would not be granted.

Motion for a new trial.

This action was commenced in 1848, by Braxton and Markoe, against Aldrich. Braxton having died in 1850, the cause was continued by Markoe, pursuant to § 121 of the Code, by a supplemental complaint, filed in December, 1851.

Upon the trial before Mitchell, J., 24 Nov. 1852, the plaintiff, after having proved the absence of one Harvey Mills from the State, offered in evidence his deposition, taken conditionally, (pursuant to *Rev. Stats.,* art. 1, *title* 3, *ch.* 7, *Pt.* III.) in April, 1851, after the death of Braxton, but before the filing of Markoe's supplemental complaint.

The defendant's counsel objected to the admission of the deposition upon the ground that at the time it was taken, the cause of Braxton and Markoe *a.* Aldrich, in which the deposition was entitled, was not pending. Also upon the ground that it appeared from the testimony offered by plaintiff relative to the absence of Mills, that he had returned to the city of New-York after his conditional examination, although he did not remain until the trial.

The evidence was admitted and defendant excepted.

The plaintiff then offered in evidence a copy of a mortgage, purporting to have been acknowledged and recorded in Cass

County, Indiana. It was accompanied by a certificate, with seal annexed, of one Douglass, as Recorder of Cass county, that the copy was a true copy of records in his office,—by a certificate of one Duret, as clerk of the Cass Circuit Court, with seal of that court annexed, that Douglass was at the date of his certificate, the recorder of the county, and that this signature to the certificate was genuine,—and by the further certificate of Horace P. Biddle, as president judge of the Southern Judicial District, and of the Cass Circuit Court, that Duret was at the date of his certificate, clerk of the Cass Circuit Court, and that Duret's certificate was in due form.

The defendant objected to this evidence on the ground that the certificates did not constitute the proper authentication of a mortgage to allow it to be read in evidence. But the judge overruled the objection, and admitted the evidence, and defendant excepted.

The jury found a verdict for the plaintiff, and defendant moved to set aside the verdict and for a new trial.

*E. D. Lawton,* for plaintiff.

*C. P. Kirkland,* for defendant.

CLERKE, J.—I. The proposition of defendant's counsel that the testimony was taken in a suit not pending, is entirely inconsistent with the provisions of the Revised Statutes, and the Code declaring that no action shall abate by the death, &c. of a party, (2 *Rev. Stats.* 387, § 4, *Code* § 121). If it did not abate notwithstanding the death of Braxton, one of the plaintiffs, it was still pending, when the testimony of Mills was taken conditionally; it was taken in this suit, which according to the Code and the Revised Statutes, has been continued and not originated anew, after the death of Braxton.

II. The defendant's counsel objected to this testimony also, on the ground that having been taken in April, 1851, the witness had not continued absent from the State, but had returned and remained until about two weeks previous to the trial. He maintains it must be an uninterrupted absence from the time of taking the testimony until the beginning of the trial. I think this would be a construction of the statute cal-

culated to defeat its design, and to make the admissibility of the testimony dependent upon the movements of a person over whom the party requiring the testimony can have no control. He may go and come, but if it is shewn he is not here at the time of trial, the end of the statute is answered. It could never have been intended that every time the witness takes a new departure from the State, a new order is to be granted, and a repetition of the same examination is to be made. This would be multiplying work without an adequate object. The salutary usage of the common law, requiring in all practicable cases the presence of the witness at the trial, is sufficiently favored and conserved by excluding testimony taken conditionally, when it is not shewn that the witness is absent at the time of the trial.

III. The objection that the mortgage was not properly authenticated, seems to be more tenable. It was recorded in Cass County, State of Indiana, in the office of the recorder of that county, a public office established in every county of that state, similar to that of register of the city and county of New York. The certificate of this officer was produced with that of the clerk of Cass Circuit Court, attesting that he was recorder, and that his signature was genuine with the seal of the court annexed, together with the certificate of the presid · ing judge of that court attesting the clerk's certificate.

By the act of Congress of 1790, it is provided that the records and judicial proceedings *of the courts of any State* shall be proved or admitted in any other court within the United States, by the attestation of the clerk and the seal of the court annexed, if there be a seal, together with a certificate of the judge, chief justice or presiding magistrate as the case may be, that the said attestation is in due form. The recording of the mortgage in this case seems to have been authenticated under this act; which applies only to records and judicial proceedings in *courts.*

By the act of March 27, 1804, § 1, however it is provided " that all records and exemplifications of office books which may be kept in any public office of any State, *not appertaining to a court,* shall be proved or admitted into any other court or office in any other State by the attestation of the

keeper of such records or books, and the seal of his office
thereto annexed, if there be a seal, together with a certificate
of the presiding judge of the court of the county or district, as
the case may be in which such office is or may be kept, &c.,
or of the governor, &c., that such attestation is in due form,
and by the proper officer, and such certificate, if given by the
presiding justice of a court, shall be further authenticated by
the clerk of the court, who shall certify under his hand and
seal of office, that the presiding justice is duly commissioned
and qualified." So that the certificates of the judge and clerk
are in this case reversed both in their contents and in the
order in which they are presented. The judge should have
certified to the genuineness and authenticity of the recorder's
certificate and the clerk to that of the judge.

IV. But this is an error for which the court will not grant
a new trial if it can be rectified; and the case is now amended
by consent, the proper certificates being produced and filed.

Judgment affirmed with costs.